Lora **LIBISCH**

v.

**BLACK & DECKER CORP.**

Civ. No. Y–91–3288.

United States District Court,
D. Maryland.

Oct. 13, 1992.

Judith G. Eagle, Bel Air, Md., for plaintiff.

Bruce S. Harrison, and Patrick M. Pilachowski, Baltimore, Md., for defendant.

MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Defendant Black & Decker filed a Motion to Strike or Dismiss Plaintiff's Claim for Compensatory/Punitive Damages and Demand for Jury Trial, arguing that the 1991 amendments to the Civil Rights Act do not apply in a sex discrimination case pre-dating the amendments. Because of the judicial presumption against retroactive application of statutes, the Court finds that the amendments do not apply retroactively to cover the actions complained of here.

BACKGROUND

On November 20, 1991, Plaintiff Libisch filed a sex discrimination complaint against her former employer, pursuant to Title VII of the Civil Rights Act. In her complaint, Plaintiff requests compensatory and punitive damages in the amount of $300,000, a jury trial, and any backpay to which she might be entitled.

On November 21, 1991, President Bush signed the Civil Rights Act of 1991 ("Act"), which amended Title VII of the 1964 Civil Rights Act and provided new remedies for victims of sex discrimination. Under the Act, courts may award a victim of sex discrimination compensatory and punitive damages if the plaintiff proves the defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Such plaintiffs are

also entitled to a jury trial under the amended Act. 42 U.S.C. § 1981a(c).

Since the conduct complained of here preceded passage of the Act, the question presented is whether the new provisions apply retroactively. Defendant Black & Decker has filed a Motion to Strike or Dismiss Plaintiff's Claim for Compensatory/Punitive Damages and Demand for Jury Trial, arguing that the language of the Act, the legislative history of the Act, and recent Supreme Court decisions militate against retroactive application of the Act.

## DISCUSSION

In determining whether to apply the Act's amendments retroactively, it is necessary first to examine the plain language of the Act. Unless the legislative history clearly contradicts the language of the Act, the language of the Act governs its application. *Kaiser Aluminum and Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). If the language is not conclusive, the legislative history of the Act must be reviewed. If the legislative intent is not clear, a presumption on retroactive application of legislation is appropriate. See, *e.g.*, *Kaiser Aluminum*, 494 U.S. 827, 833–835, 110 S.Ct. 1570, 1575–1576.

### A. *Language of the Act*

Plaintiff argues that since some sections of the Act specifically provide for prospective application only, the remainder of the Act should apply retroactively and that such a construction will avoid rendering the prospective-only provisions superfluous.

Section 402(a) of the Act states that "[e]xcept as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment." P.L. 102–166 § 402(a), 42 U.S.C. § 1981 note. Section 402(b) provides that "[n]otwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and

for which an initial decision was rendered after October 30, 1983." P.L. 102–166 § 402(b), 42 U.S.C. § 1981 note. Since the damages and jury trial provisions of the Act are silent as to retrospective application, and they do not fall within the *Wards Cove* exception of § 402(b),[1] § 402(a) counsels that they "take effect upon enactment." This ambiguous phrasing does not clarify the retroactivity question, nor does it overcome any presumption for or against retroactive application of legislation.

### B. *Legislative History*

The legislative history of the Act is equally unclear on the retroactivity question. Defendant cites the comments of Senator Danforth, co-sponsor of the bill, and President Bush's understanding of the Act as prospective only. See, *e.g.*, 137 Cong.Rec. S15,483 (Daily Ed. Oct. 30, 1991); BNA, *Labor Relations Reporter*, Dec. 2, 1991, 138 LRR 431. Plaintiff relies on the remarks of Senator Kennedy, co-sponsor of the bill, which convey a sympathy for retroactive application of the Act. 137 Cong. Rec. S15,485–86 (Daily Ed. Oct. 30, 1991). Thus, again, the legislative history of the Act is inconclusive on the question of retroactivity.

### C. *Judicial Presumption*

The Supreme Court has declined to reconcile two lines of cases that diverge on the question of whether a statute should be presumed to apply prospectively or retroactively. Plaintiff relies on *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), which held that "a court is to apply the law in effect at the time it renders its decision." 416 U.S. at 711, 94 S.Ct. at 2016. The Court crafted two exceptions to the *Bradley* presumption in favor of retroactivity: when retroactive application would work an injustice on one of the parties or if Congress clearly intended otherwise. 416 U.S. at 711, 94 S.Ct. at 2016. Defendant cites *Bowen v. Georgetown Univ. Hosp.*, which held that "[r]e-

---

1. The legislative history of the Act reveals that § 402(b) was adopted to curtail further litigation in *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989), a disparate impact case. 137 Cong.Rec. S15,483 (Daily Ed. Oct. 30, 1991).

**1068**

troactivity is not favored in the law.... [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988).

The Court acknowledged but chose not to reconcile the tension between the two lines of cases in *Kaiser Aluminum Chem. Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), because the statute at issue there evinced a clear congressional intent for prospective application. In his *Kaiser* concurrence, Justice Scalia argued vociferously for a return to the prospective-only presumption of statutory application.

█ The *Bowen* presumption against retroactivity should be followed. Not only does the rule provide greater notice to effected parties, but it maintains the traditional separation between legislators, whose decisions regulate future conduct, and judges, whose decisions govern past actions. The Fourth Circuit also prefers the *Bowen* rule, describing the presumption against retroactive statutory application as a "well established principle of law." *Leland v. Federal Ins. Adm'r,* 934 F.2d 524, 527 (4th Cir.1991). The Fourth Circuit mentioned the *Bradley* rule in a footnote, indicating that retrospective application of the statutory amendment at issue would work the injustice the *Bradley* Court sought to avoid. 934 F.2d at 528.

## CONCLUSION

Since neither the language nor the legislative history of the 1991 amendments to the Civil Rights Act are clear on the question of retroactive effect, there is a judicial presumption against retroactive application. Defendant's Motion to Strike or Dismiss Plaintiff's Claim for Compensatory/Punitive Damages and Demand for Jury Trial is granted.